WILTON, Respondent, v. MAYBERRY and others, Appellants.

*November 6 — December 3, 1889.*

Mortgages: Satisfaction: Fraudulent conveyance: Subrogation.

The plaintiff loaned money to two of the defendants to pay off a mortgage on their land, on the agreement that after such mortgage was discharged of record they should execute to him a new mortgage to secure the loan. Instead of executing the new mortgage said defendants, with intent to defraud the plaintiff, conveyed the land to the third defendant, who had full knowledge of the facts. *Held*, that the plaintiff was entitled to have the satisfaction of the old mortgage canceled, and to be subrogated to the rights of the mortgagee.

APPEAL from the Circuit Court for *Pierce* County.

The facts are sufficiently stated in the opinion.

The cause was submitted for the appellants on the brief of *F. L. Perrin* and for the respondent on that of *Smith & Vannatta.*

For the appellants it was contended, *inter alia*, that a mortgage after payment becomes *functus officio*, and neither the mortgagee nor any one else has, as a general rule, any power to transfer it as a subsisting security, or to revive it to secure the same or any other liability. 2 Jones, Mort. sec. 943; *Gammon v. Kentner*, 55 Iowa, 508. Plaintiff does not show equities which entitle him to the subrogation asked. *Ellsworth v. Lockwood*, 42 N. Y. 89; *Patterson v. Birdsall*, 6 Hun, 632; *Cottrell's Appeal*, 23 Pa. St. 294; *Hayes v. Ward*, 4 Johns. Ch. 123; *Jenkins v. Continental Ins. Co.* 12 How. Pr. 66; *Watson v. Wilcox*, 39 Wis. 643; *Sanford v. McLean*, 3 Paige, 117; *Downer v. Miller*, 15 Wis. 612; *Wormer v. Waterloo Agricultural Works*, 62 Iowa, 699.

Counsel for respondent cited 3 Pom. Eq. Jur. sec. 1212; *Gans v. Thieme*, 93 N. Y. 225; *Levy v. Martin*, 48 Wis. 198, 206.

ORTON, J. The complaint sets out substantially the following facts: On or about the 5th day of November, 1881, the appellants *William Mayberry* and *Martha*, his wife, executed a mortgage on certain real estate in Pierce county, Wisconsin, to one Ann W. Grant, to secure to her the payment of $1,000 on the 1st day of July, 1887; and said mortgage was duly recorded. On the 5th day of July, 1887, said mortgage being due, the respondent loaned to said appellants the sum of $1,005, on the agreement that with said money said mortgage should be paid and discharged of record, and that said appellants should execute to the respondent a new mortgage on said land, to secure said loan. This was done on the part of the respondent in mere friendship, without any selfish interest whatever. The money was used to pay off said mortgage, and it was duly discharged of record; but, instead of said appellants giving the respondent such new mortgage, as they agreed to do, and which was the inducement of said loan, they deeded said land to *John R. Mayberry*, one of the appellants, with intent to defraud the respondent out of his money. The said first-mentioned appellants had and have no other property. The said *John R. Mayberry* had full knowledge of said loan and said agreement. The respondent prays that he may be subrogated in place of the mortgagee of said first-mentioned mortgage; and that its satisfaction of record be canceled; and that it may be declared to be a good and subsisting mortgage to him; and that it be foreclosed. The appellants demurred to said complaint on the ground that it did not state a cause of action, and the demurrer was overruled; and this appeal is from such order.

The learned counsel of the appellants contend that the respondent was a mere *volunteer*, and had no interest in the land to protect, and cannot, therefore, be subrogated as mortgagee to the mortgage paid and discharged; and cites, besides other authorities, *Watson v. Wilcox*, 39 Wis. 643,

Wilton vs. Mayberry and others.

and *Downer v. Miller*, 15 Wis. 612. In those cases it was a mere loan of money, to enable the borrower to pay off the mortgage debt, and without any agreement that the security shall be assigned or kept on foot for the benefit of the party who loaned him the money. But this is no such case. The respondent, by the agreement, was to have equal security on the land, and, to protect that interest, caused the first mortgage to be discharged. This case is ruled in principle by *Levy v. Martin*, 48 Wis. 198. It was there a part of the contract that the executors should secure the lender by another mortgage, as here, and they did so, as they supposed; but the mortgage was void for want of authority. On the same principle are *Jones v. Parker*, 51 Wis. 218, and *Carey v. Boyle*, 53 Wis. 574. This was a most outrageous fraud on the part of the appellants, and there is no other possible remedy to the respondent but subrogation. No one is injured or interested except these appellants, who committed the wrong. When they deeded the land to the other *Mayberry*, they supposed they had succeeded in defrauding the respondent out of his security in it; but the grantee had knowledge of the agreement, and is therefore bound. It is really a strong case for equitable subrogation.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.