## BAKER V. BAKER *et al.*

1. The practice is well settled that, where there is a substantial conflict of evidence, the findings of a court or jury will be accepted as conclusive by the appellate court.

2. A court of equity will decree a specific performance of a parol agreement to give a mortgage on real estate, where the party asking such relief shows a performance on his part of such agreement, by which he would suffer an injury amounting to fraud by the refusal of the other party to execute his part of the agreement by making such mortgage.

3. Where a person pays a debt which is secured by a mortgage, or furnishes the money therefor, which is so used, at the solicitation and request of the debtor, with the agreement that the debtor shall make to the person so paying or so advancing funds therefor a mortgage to secure the same upon the real estate from which such mortgage was lifted, he is entitled, upon the refusal of the debtor to make such mortgage, to be held and regarded as the equitable assignee of the paid mortgage, and as such is entitled to a lien upon such real estate for the amount so advanced.

4. In the absence of an agreement thereto, the taking of a promissory note for an antecedent debt will not be presumed to have been in payment or discharge of the original indebtedness, but the burden of proof is upon him who asserts that it was so taken.

5. The mere fact that a chattel mortgage given to secure a promissory note has been foreclosed, nothing appearing as to the value of the property mortgaged, or what was realized from the foreclosure sale, does not raise the presumption that the property sold for enough to pay the debt and costs, and that it was so applied, and extinguished the debt.

6. In such case, while the debtor is entitled to have credited the net proceeds of the foreclosure sale as a payment on his indebtedness, he cannot complain that the court has given him such credit without evidence to support it.

(Syllabus by the Court.    Opinion filed October 20, 1891.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action brought by plaintiff to establish an equitable lien upon certain real estate belonging to the defendnat Annie Baker, to secure the sum of $550.00, which plaintiff alleged was loaned to both the defendants, who were husband and wife. The defendants answered denying that the money was borrowed jointly, but admitting that the defendant George A. Baker had borrowed the sum. Plaintiff had judgment. Defendants appealed. Affirmed.

The facts are fully stated in the opinion.

*Davis, Lyon & Gates*, for appellants.

The finding that there was an agreement on the part of both defendants to secure plaintiff by a real estate mortgate on the property described is not sustained by the evidence, because not in writing. A parol agreement for that purpose could not be enforced. §§ 3617, 4346, Comp. Laws; Porter v. Muller, 53 Cal. 677.

To entitle plaintiff to specific performance, it must appear that there was a clear accession on both sides to one and the same set of terms. Langellier v. Schaefer, 36 Minn. 361.

*Joe Kirby*, for respondent.

It is within the power of the court to specifically enforce an agreement to mortgage. Irvner v. Armstrong, 17 N. W. 343; Walsh v. Griffith, 16 N. W. 588; Hermann v. Hodges, L. R. 16, Eq. Cas. 18; Ashton v. Corrigan, L. R. 13, Eq. Cas. 76; Wellesley v. Wellesly, 4 Mylne & C., 561; Ogden v. Ogden, 4 Ohio St. 182; Hale v. Omaha Nat. Bank. 49 N. Y. 634; Johnson v. Johnson, 40 Md. 190; Rolleston v. Morton, 1 Drury & War. 190; McClintock v. Laing, 22 Mich. 212; *In re* Howe, 1 Page Ch. 130; Foster v. Foust, 2 Sarg. & R. 11; Hurst v. Hurst, 2 Wash. C. C. Rep. 69; Sug. Law of Vendors, 336; Wat. Spec. Per. § 20.

The borrowing of money for the purpose of paying off a mortgage upon property and using it for that purpose creates a lien upon the property to the extent of the mortgage. Dillon v. Byrns, 5 Cal. 455; Carr v. Caldwell, 10 Cal. 385; Silsbe v. Lucas, 36 Ill. 462; Geib v. Reynolds, 28 N. W. 923.

The finding of a jury, or of the trial court, where no jury is had, as to a question of fact about which there is a conflict of testimony, is conclusive and cannot be reviewed on appeal. Caulfield v. Bogle, 2 Dak. 464; Brewing Co. v. Mielenz Bro., 5 Dak. 136; Jeansch v. Lewis, 48 N. W. 128.

The giving of a note is not a payment, unless it is expressly agreed that it it shall be received in payment, and the burden of proof rests upon the maker to establish such agreement, Geib v. Reynolds, 28 N. W. 923; Nichols v. Michaels, 23 N. Y. 246;

Aultman & Co. v. Jett, 42 Wis. 488; Higgins v. Wortell, 18 Cal. 330; Lyman v. Bank, 12 Howard, 285; Rand Com. Paper, § 1508–15.

KELLAM, P. J.    This is an equitable action in which plaintiff alleges that on or about the 31st day of December, 1887, at the solicitation of defendants, who are husband and wife, she advanced to them the sum of $550 to pay off a mortgage of that amount on certain lands, the title to which was in defendant Annie Baker; that defendants agreed that upon receipt of said money and payment of said mortgage they would immediately execute to plaintiff a mortgage therefor upon the same land, to become due January 1, 1889, with interest at 7 per cent; that said money was so loaned and advanced in pursuance of such agreement, and that the same was used in paying off said mortgage, but that defendants immediately after did and ever since have refused to make such promised mortgage; that defendants are insolvent, and that no part of said $550 has been paid, except the sum of $30.    Defendants, answering, allege that the premises described were the sole and separate property of defendant Annie Baker, wife of defendant George Baker; that defendant George Baker borrowed of plaintiff the sum of $445 for the purpose set out in the complaint; that the same was so used, and that it constituted the loan referred to in the complaint.    The answer denies all other allegations of the complaint, and alleges, further, that on the 6th day of January, 1888, a note and chattel mortgage for $300 of said money was given to plaintiff, which note and mortgage were afterwards sold and transferred to Sioux Falls Savings Bank, and the proceeds applied upon said note, and that the balance of said $545, towit, $245, was fully paid to plaintiff before the commencement of this action.    Upon the trial the court submitted certain questions of fact to a jury.    The questions and the answers returned are as follows: "Question.    To whom did plaintiff lend the $550, to George A. Baker individually, or to both George A. Baker and Annie Baker?    Answer.    To both.    Q.    Was there any agreement on the part of both defendants to secure the plaintiff by real estate mortgage on the

southwest quarter of sec. 33, township 101, range 49, Minne-haha Co.? A. Yes. Q. Has the whole amount of indebted-ness been canceled by payment? A. No." The court also found as facts that defendants are husband and wife; that Annie Baker was the owner of the land described; that on the 31st day of December, 1887, there was due upon a mortgage to one Fairfax on said premises $550; that on or about that day plain-tiff and defendant entered into an agreement that plaintiff would lend defendants the sum of $550, for the purpose of pay-ing off said mortgage; that defendants would repay the same January 1, 1889, with 7 per cent interest, and that to secure the same they would make and deliver to plaintiff a mortgage upon said premises, and that plaintiff should have a lien upon such premises to secure said loan, and that on said 31st day of De-cember plaintiff paid over to said defendants the said sum of $550, and fully performed her part of said agreement; that said money was then and there used to pay off said first men-tioned mortgage, and that plaintiff immediately demanded of defendant that they make and deliver the promised mortgage to her, which they did then and still do refuse; that defendant George Baker afterwards gave plaintiff his note for $300, se-cured by a chattel mortgage on a team of horses; that plaintiff did not take said note and chattel mortgage as payment upon said indebtedness, but as security therefor; that the chattel mortgage was afterwards foreclosed, and there was realized thereby the sum of $30 over and above the costs of foreclosure; and that, except said $30, no part of said $550 has been paid. As conclusions of law, the court found that there was due plain-tiff from defendants the sum of $610, and that plaintiff was en-titled to have said sum declared a lien and mortgage upon said premises, and judgment was so entered, from which defend-ants appeal.

After carefully examining the testimony, we do not think we are required to discuss at any length appellants' objections to the answers of the jury or the findings of the court upon questions of fact. The existence of the original mortgage of $550, and its discharge by the funds procured from plaintiff,

were undisputed; but, as to nearly all the other facts involved,
—who borrowed the money, how it was to be paid or secured,
if at all, and how much, if any, had been paid,—the witnesses
were in positive disagreement, and the evidence in irrecon-
cilable conflict.   As to who borrowed the money, plaintiff testi-
fied: ''In the latter part of December, 1887, my sister-in-law
[defendant Annie Baker] asked me if I would loan them money
to pay a mortgage on their farm, and they would give me good
security.   The mortgage was to be paid the 1st of January,
and they would pay it, and give me a mortgage on the farm.''
''Annie Baker first asked me for the loan.   Had a conversa-
tion with George Baker afterwards.   I loaned the money to
both of them.''   Afterwards, referring to the conversation with
defendant George Baker about January 1st, she says: ''He
said the mortgage is due on my farm.   I will pay that to Fair-
fax, and will give you good security on the farm as soon as I
pay that up.''   She also testified to substantially a repetition of
this agreement on the following day at Mrs. Bells, when both
defendants were present, and her testimony as to the last con-
versation is at least partially corroborated by Mrs. Bell.   To
be sure, plaintiff's testimony in this respect, as in others, is
flatly denied by the defendants; but this does not necessarily
destroy, or even diminish, its probative force.   The conflict is
positive and substantial, and the finding of the court and jury
upon these disputed facts must be accepted as conclusive upon
this court.   The practice is too well settled to admit of a de-
parture from it in this case.   We think the same remarks are
fully applicable to all other conclusions of the court or jury
upon questions of fact, with possibly one or two exceptions,
which will be noticed.

  Appellants except to the finding of the court that there was
an agreement on the part of defendants to secure the plaintiff
by mortgage upon the real estate, because there was no written
evidence of such agreement, and cite Section 3617, Comp.
Laws, which reads as follows: ''No agreement for the sale of
real property, or of any interest therein, is valid unless the
same, or some note or memorandum thereof, be in writing, and

subscribed by the party to be charged, or his agent thereunto authorized in writing; but this does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof." And Section 4346, Comp. Laws, as follows: "A mortgage of real property can be created, renewed, or extended only by writing executed with the formalities required in the case of a grant of real property." Without stopping to discuss the applicability of either of these sections to the question presented in this case, it is sufficient to say that the power of a court of equity to decree the specific performance of a parol agreement to mortgage real property is well established, and has been often exercised under statutes like ours. Dean v. Anderson, 34 N. J. Eq. 496, was a suit in equity to compel the specific performance of a parol agreement to mortgage real estate, and in its opinion the court says: "Where an agreement has been executed or in part performed by the complainant, and the acts done place him in a position which is a fraud upon him unless the agreement is executed, equity will not permit the defendant to protect himself from executing his part of the agreement by pleading that it was not in writing. The ground upon which this court acts in cases of part performance is fraud in refusing to perform after performance by the other party, and the court will interpose and grant relief, not withstanding the statute, when the complainant shows a performance on his side by which he would suffer an injury amounting to fraud by the refusal to execute the agreement on the part of the defendant." Irvine v. Armstrong, (Minn.) 17 N. W. Rep. 343; De Pierres v. Thorn, 4 Bosw. 266; Ogden v. Ogden, 4 Ohio St. 182.

But the appellants insist that the agreement was not sufficiently definite to entitle it to specific enforcement, in that no time was fixed when the mortgage should become due and payable. While it is alleged in the complaint, and found as a fact by the court, that the promised mortgage was to become due January 1, 1889, no evidence of that fact appears in the printed abstract; but accepting as established the facts found,

except as to time of payment, the plaintiff would still be entitled to be held and regarded by the court as the equitable assignee of the Fairfax mortgage, which her money had so taken up. The doctrine of equitable assignment is often extended to a person who having no previous interest in the premises, and being under no obligation or personal necessity of paying the debt, pays off the mortgage or advances the money for its payment at the instance of the debtor party and for his benefit. Upon the facts in this case it cannot be held that plaintiff was a stranger or volunteer in the payment of the Fairfax mortgage. The advance or payment was at the solicitation of defendants, and for their benefit. It was directly induced by the promise of a mortgage, and, when defendants refused to give it, they imposed upon the court the plain duty of protecting plaintiff against loss from such refusal; and, upon the proofs presented by the printed abstract, the court rightly did this in regarding plaintiff as an equitable assignee of the Fairfax mortgage, and decreeing that the amount so paid for its discharge, or so much of it as remained unpaid, should be a lien in favor of plaintiff upon the premises described. Crippen v. Chappel, 35 Kan. 495, 11 Pac. Rep. 453; Levy v. Martin, 48 Wis. 198, 4 N. W. Rep. 35; White v. Newhall, (Mich.) 36 N. W. Rep. 699; Wilton v. Mayberry, 75 Wis. 191, 43 N. W. Rep. 901.

The only other question which seems to us to require consideration grows out of the $300 note and chattel mortgage given by defendant George Baker to plaintiff, and its subsequent foreclosure by the Sioux Falls Savings Bank. The answer substantially, though not specifically, alleges that this was given in partial payment of the $550 advanced by plaintiff. In the entire absence of evidence, as in this case, the presumption is the other way, that it was not accepted as payment. Hutchinson v. Swartsweller, 31 N. J. Eq. 205; Aultman v. Jett, 42 Wis. 488; Geib v. Reynolds, (Minn.) 28 N. W. Rep. 923. And so the court finds, and we assume the fact to be, that plaintiff took it as collateral security to the original indebtedness of $550. The court further finds, and there is evidence to sup-

port the finding, that plaintiff afterwards used this note and chattel mortgage as collateral to an indebtedness of her own with the Sioux Falls Savings Bank, and it is undisputed that the bank afterwards foreclosed the same. Plaintiff did no legal wrong in so using the note and chattel mortgage that would make her chargeable in this action with its apparent value. At all events, defendant Baker could not complain until he should pay or offer to pay his note. The court finds that upon such foreclosure and sale the sum of $30 was realized beyond the costs, and gives defendants a credit for that amount. To sustain this finding there is no evidence in the abstract, and appellants claim error therefor, and in connection submit this proposition: "The fact of foreclosure appearing, the presumption is, unless otherwise shown, that the proceeds of the mortgaged property were applied in payment of the debt, and that they were sufficient to extinguish it." We are not referred to any supporting authorities. The evidence in this case not only fails to show what the mortgaged property sold for, but is equally silent as to any suggestion of its value. It only appears that the mortgage was upon a team of horses. We are inclined to think, however, that appellants cannot take advantage of the want of evidence to sustain this finding. Defendants were certainly entitled to have credited whatever was realized on such sale, upon the theory that they had paid so much; but it was for them to show, if they claimed a credit therefor, how much the credit should be. It is no ground of complaint upon their part that the court has given them a credit of $30 to which they have not affirmatively shown themselves entitled. Nor can we perceive any error in the exclusion of the judgment roll in the replevin case of Savings Bank v. defendant George Baker. It is not apparent on the record, nor is it suggested in argument, in what particular this judgment roll, even if competent evidence in this case, could have thrown any light upon the matters in controversy between the parties to this action. We discover no reason for reversing the judgment in this case, and it is affirmed. All the judges concurring.