BUHL, Appellant, v. McDOWELL, (Ryan, Intervener), Respondent.

(242 N. W. 638.)

(File No. 7254. Opinion filed May 21, 1932.)

See, also, 51 S. D. 603, 216 N. W. 346.

M. C. Cunningham, of Highmore, for Appellant.
M. Harry O'Brien, of Highmore, for Respondent.

POLLEY, J. On and for some time prior to the 28th day of August, 1916, Wm. R. and James E. McDowell were the owners, each of an undivided one-half interest in a tract of land in Hyde county. On said date they executed and delivered to Drake & Ballard Investment Company a mortgage to secure the sum of $7,000. On the 14th of October, 1920, James E. McDowell conveyed his undivided one-half interest in said land, subject, of course, to said $7,000 mortgage, to his wife, Marie McDowell. Thereafter James E. McDowell died, and his administrator, plaintiff in this action, claiming that said conveyance to Marie McDowell had been made for the purpose of defrauding the creditors of said J. E. McDowell, commenced this action, on the 19th day of July, 1923, for the purpose of setting aside said conveyance. On the 10th day of December, 1923, Maude Schuster succeeded to the interest of Wm. R. McDowell. The assignee of the Drake & Ballard mortgage foreclosed said mortgage, and on the 8th day of January, 1924, said land was sold to Frank Bell at sheriff's sale for the sum of $7,792.26. On the 7th day of January, 1925, the last day of the period of redemption, Maude Schuster, in order to protect her interest in said property, redeemed from the said sale, paying for that purpose the sum of $9,150.95. Thereafter, by appropriate action in the circuit court of Hyde county, she estab-

lished an equitable lien on the half interest in said property that had been conveyed to Marie McDowell for $4,575.47, the amount she had paid to redeem the same, together with costs amounting to $21.05. On the 9th of October, 1925, the sheriff of Hyde county, pursuant to the decree establishing the said lien, sold to Maude Schuster the Marie McDowell interest in said land in satisfaction of her said lien. The consideration for this sale was $4,934.85. By this transaction Maude Schuster became the absolute owner of an undivided one-half interest in the land, and the owner of the other half, subject to the right of redemption by plaintiff and Marie McDowell. On the 11th day of May, 1925, Marie McDowell sold her interest in the premises to the intervener, J. G. Ryan, and on the 8th day of October, 1926, which was the last day of the redemption period from the said sale to Maude Schuster, he paid to her the sum of $5,395 for the purpose of redeeming from the said sale.

In passing, it may be said that, when the plaintiff commenced this action in July, 1923, he filed a notice of lis pendens, and it is a further fact that neither Ryan nor Schuster ever presented any claim to the administrator of the J. E. McDowell estate for any amount that they had paid for the purpose of clearing the land from the lien of the said mortgage.

On the trial of this action in the circuit court, the court found for the defendant and entered judgment dismissing the case. This judgment was entered prior to the sale from Marie McDowell to the intervener. From this judgment the administrator took an appeal to this court, with the result that on the 30th day of November, 1927, the said judgment was reversed by this court and said cause remanded to the circuit court for further proceedings. 51 S. D. 603, 216 N. W. 346. The remittitur was filed in the circuit court on the 22d day of December, 1927, and on the 5th day of January, 1928, the said Ryan intervened and asked that he be subrogated to the rights of Maude Schuster that had been acquired by her by virtue of the sheriff's sale of the Marie McDowell interest. The action was then retried, but between the plaintiff and the intervener. On the trial the court found that Maude Schuster was the owner of an undivided half interest in the said property, and that on the 14th day of October, 1920, the defendant Marie McDowell became the owner of the remaining undivided half interest in said property, subject to the right of the plaintiff as admin-

istrator of the J. E. McDowell estate, and the creditors of said estate; but that at all times the interest of both the said Maude Schuster and Marie McDowell and the plaintiff herein were subject to and junior to the mortgage above mentioned, and subject to the sheriff's certificate of sale to the said Frank Bell; and that, had the said Maude Schuster not redeemed the said property from the mortgage sale to Bell on the 7th day of January, 1924, the said Bell would on the 8th day of January, 1925, have been entitled to, and would have received, a sheriff's deed for said premises, and would have become the sole and absolute owner of the entire right and title to said land; that, by virtue of the said redemption from the mortgage said Maude Schuster acquired a first lien upon the half interest claimed by Marie McDowell to the extent and for the amount of half of what she paid for said redemption, to wit, for the sum of $4,575.47, and that she was entitled to maintain an action in the circuit court of Hyde county establishing and foreclosing the said lien. The court further found that the said J. G. Ryan, as the successor of Marie McDowell, was entitled to be subrogated to the rights of and to the lien held by said Maude Schuster, and that the rights of the said intervener and his lien for the sum he paid as redemption money were superior to the claim of the plaintiff, and that the intervener was entitled to a judgment foreclosing said lien as against the plaintiff and all other parties in interest, and final judgment was ultimately entered declaring the intervener to be the absolute owner in fee of the said undivided one-half interest in and to the property. From said judgment plaintiff appeals.

Appellant first contends that the trial court erred and abused its discretion in permitting the intervention to be made after the case had been tried. This contention is based upon section 2322, Rev. Code 1919, which by its terms limits the right of intervention in an action to a time prior to the trial of the action. It is true that the case had been tried and judgment entered long before the attempt to intervene was made, but the case had been appealed and the judgment reversed, with directions for further proceedings in the trial court. The case was then back in the circuit court for trial, and, so far as the right of intervention was concerned, the situation was just the same as though no trial had ever been had, and the intervener was clearly within the terms of

the statute in filing his petition for intervention at that time. The intervener had succeeded to all the rights of the defendant Marie McDowell, and became the sole party defendant in interest in the case.

Numerous other assignments of error have been made by the appellant, but, as the only question involved on this appeal is whether the intervener had a right to be subrogated to the rights of Maude Schuster after the establishment of her equitable lien on the Marie McDowell interest in the premises, there is no necessity for treating these assignments in detail.

Prior to the decision herein in this court, the intervener believed that he had good title to the premises involved, and it was not until after this court had held that Marie McDowell's title was subject to the rights of J. E. McDowell's creditors that it became necessary for him to appear in the case. After the decision of this court in which it was decided that Marie McDowell's title was subject to the rights of J. E. McDowell's creditors, the intervener promptly took action for the protection of his rights.

It is true that there was a notice of lis pendens on file as claimed by appellant when respondent purchased his interest in the land, but the case had been tried before he purchased his interest in the land and judgment entered dismissing the action. Whether the appeal had been taken when he made the purchase does not appear from the record. Respondent consulted counsel, and was advised that a deed from Marie McDowell would convey good title, subject only to the lien of the Drake & Ballard mortgage. She had a perfect right to sell, and respondent had a perfect right to buy. There is nothing about the transaction that suggests a dishonest motive or a fraudulent intent, and the trial court found that respondent "acted in entire good faith, honestly believing that said Marie McDowell was the owner of such half interest in said lands and had a right to sell and convey it, and also, honestly believing that said Maude Schuster had a valid lien on said half interest by virtue of her redemption of the same from the mortgage sale, and that her judgment and decree of court establishing said lien and foreclosing the same was valid, and that if he did not redeem on said date his one-half interest, so purchased, would be forfeited and the said Maude Schuster would then become and be the owner

of said one-half interest and with her own half interest would then own the entire right, title and interest in and to said lands."

In his brief appellant contends that, because Maude Schuster did not make plaintiff a party to her suit to establish her equitable lien acquired by her redemption, her lien was upon the Marie McDowell interest only. In this contention appellant is clearly wrong. Maude Schuster did not recognize any right in Marie McDowell other than that of a redemptioner from the mortgage sale. What Maude Schuster was attempting to do was to protect and foreclose the lien she had acquired by her redemption from the mortgage sale. And again appellant is mistaken when he asserts that it was to the Marie McDowell "interest only that respondent asked to be subrogated." In respondent's prayer for relief he asks "that this intervener be subrogated to all the rights and interest of said Maude Schuster in and to the premises by virtue of said sheriff's certificate of sale and that the redemption of this intervener be decreed to be an assignment of said sheriff's certificate of sale to this intervener and that he be decreed to be entitled to all the rights and privileges originating and accruing to the said Maude Schuster." Appellant is also wrong when he assumes and asserts that the intervener was a mere intermeddler and speculator. When respondent purchased the interest of Marie McDowell, she was the owner in fee simple of an undivided one-half interest in the land involved, subject only, as he was advised and believed, to the incumbrance of the Drake & Ballard mortgage. After the purchase, respondent had exactly the same interest that Marie McDowell had had. What it cost him the record does not show, nor is it material. What this interest was worth above the incumbrance the record does not show, nor is that material. This action to set aside the transfer from J. E. McDowell to his wife had been tried and judgment against the plaintiff entered. The effect of this judgment was to confirm the title of Marie McDowell. Respondent was advised by his legal adviser, and he honestly believed, that by purchasing from her he would get a good title to her half interest, subject only to the Drake & Ballard mortgage. Acting upon this belief, he made the purchase, and within the time allowed by law he redeemed from the mortgage sale. By doing this he believed he was acquiring the benefit of the lien that had been created by the mortgage. It is not conceivable

that he would have paid out this large sum of money had he not believed he was to acquire the benefit of the said lien. When this court decided that the deed to respondent's grantor was not binding on the creditors of J. E. McDowell, respondent at once intervened and asked that he might be subrogated to the rights of Maude Schuster. This did not in any way interfere with appellant's right of redemption from the mortgage sale. But he made no attempt to redeem, and now asks that he may be given a half interest in the property involved freed from the lien of the mortgage without returning to respondent the money, more than $5,000, that he had furnished to pay off the mortgage lien, and all this is asked in the name of equity.

Appellant states his position on appeal as follows: "The purchaser of land can not be subrogated to the benefits of an incumbrance which he has agreed to pay as a part or full consideration for the property purchased, where the purchaser has constructive notice of an existing junior lien."

In support of this proposition appellant cites Kahn v. McConnell, 37 Okl. 219, 131 P. 682, 47 L. R. A. (N. S.) 1189; Citizens' Mercantile Co. v. Easom, 158 Ga. 604, 123 S. E. 883, 37 A. L. R. 378; Ragan v. Standard Scale Co., 128 Ga. 544, 58 S. E. 31. It is true these cases hold that, where a purchaser pays a senior incumbrance with constructive notice of a junior incumbrance, he cannot be subrogated to the rights of the senior incumbrance. But these cases, if not contrary to the weight of authority, are contrary to the modern trend of authority. In Sandford v. McLean, 3 Paige (N. Y.) 117, 23 Am. Dec. 773, decided by Chancellor Walworth in 1832, the rule is stated as follows: "It is only in cases where the person advancing money to pay the debt of a third party, stands in the situation of a surety, or is compelled to pay to protect his own rights, that a court of equity substitutes him in the place of the creditor, as a matter of course, without any agreement to that effect. In other cases the demand of a creditor which is paid with the money of a third person, and without any agreement that the security shall be assigned or kept on foot for the benefit of such third person, is absolutely extinguished."

In other words, subrogation would take place only where provided for, either by law or by contract. This rule was modified by a later case in the New York Court of Appeals, Gans v. Thieme,

93 N. Y. 225. But the question involved was put at rest in this state by an early decision of this court. Bank of Ipswich v. Brock et al, 13 S. D. 409, 83 N. W. 436, 438. In that case the plaintiff took a mortgage on real property to secure a loan. There were already two mortgages on the same land. The agreement with the mortgagor was that the money loaned should be used to pay off the first mortgage and that the holder of the second mortgage would release his mortgage and accept another mortgage that would be subsequent to plaintiff's mortgage. Plaintiff paid off the first mortgage and permitted the discharge thereof to be recorded. The second mortgage was not released. Plaintiff then sought to have the discharge of the first mortgage canceled of record, that it be subrogated to the rights of the holder of the first mortgage, and that the said mortgage be foreclosed. The court stresses the fact that by granting the relief prayed for the holder of the second mortgage and the owner of the land would be in precisely the same situation after the foreclosure of the first mortgage that they would have been had the first mortgage never been released. The defense was that the plaintiff was a mere volunteer, which it was, and as such had no right to be subrogated to the rights of the holder of the first mortgage. The court, speaking through Mr. Justice Corson, reviewed the New York cases above cited, as well as more recent cases, and showed the growth and expansion of the doctrine of subrogation as it has been developed by the modern trend of opinion; and further saying:

"Whilst these general heads include the doctrine and principles of subrogation, that doctrine has been steadily expanding and growing in importance and extent in its application to various subjects and classes of persons. This equitable principle is enforced solely for the accomplishment of substantial justice, where one has an equity, to invoke which cannot injure an innocent person. The right of subrogation which springs from the mere fact of the payment of a debt, and which is included under the heads first above stated, is what is termed 'legal subrogation,' and exists only where included within those classes. But in addition to this principle of legal subrogation there exists another principle, which is termed 'conventional subrogation,' which results from an equitable right springing from an express agreement with the debtor, by which one advanced money to pay a claim for the security of which there

exists a lien, by which agreement he is to have an equal lien to that paid off, whereupon he is entitled to the benefit of the security which he has satisfied with the expectation of receiving an equal lien," citing: Coe v. New Jersey M. Railway Co., 31 N. J. Eq. 105; Tyrrell v. Ward, 102 Ill. 29; Tradesmen's Bldg., etc., Association v. Thompson, 32 N. J. Eq. 133; Upton v. Hugos, 7 S. D. 476, 64 N. W. 523; Levy v. Martin, 48 Wis. 198, 4 N. W. 35; Pom. Eq. Jur. §§ 1211, 1212; Heisler v. Aultman & Co., 56 Minn. 454, 57 N. W. 1053, 45 Am. St. Rep. 486; Wilton v. Mayberry, 75 Wis. 191, 43 N. W. 901, 6 L. R. A. 61, 17 Am. St. Rep. 193; Union Mortgage Banking & Trust Co. v. Peters, 72 Miss. 1058, 18 So. 497, 30 L. R. A. 829; Haverford Loan & Building Assn. v. Fire Assn., 180 Pa. 522, 37 A. 179, 57 Am. St. Rep. 657.

And in Gooch v. Botts, 110 Mo. 419, 20 S. W. 192, 193, a case in which the defendant occupied the same position that the intervener occupies in this, that court said:

"At the time defendant removed the incumbrance in question he was in possession of the land, asserting title as owner, under a decree vesting it in him, as stated. The lien of the incumbrance, admittedly, was a valid and enforceable one, paramount to the right or claim or either of the parties to this litigation. Its removal was necessary to clear up the title defendant supposed he enjoyed, created by the decree in his favor, then in force; but its release was beneficial to the estate, whosoever the owner might be. The rights of no third persons have intervened between the parties directly interested to cloud or complicate the situation.

"Defendant was no mere volunteer. He had a subsisting interest in, and adjudged title to and possession of, the property, * * * when he discharged the lien."

In this case the lien of the Drake & Ballard mortgage, admittedly, was paramount to the right or claim of either the plaintiff or the intervener. Its removal was necessary to clear the title claimed by either of them, and its release was beneficial to whoever might be the owner of the property. Intervener having furnished the money to pay off the lien, he should be subrogated to the rights of the owner of the lien.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.