1832.<br>Sanford<br>v.<br>McLean.

---

## SANFORD vs. McLEAN.

Where a wife who is an infant unites with her husband in a deed of conveyance of his real estate to trustees for the payment of his debts, under an ignorance of her legal rights, being informed at the time she signed and acknowledged the deed that the same would not prejudice her rights, such deed cannot afterwards be set up against her as a bar to her right of dower in the land so conveyed.

A conveyance by an infant feme covert, although executed and acknowledged in the manner prescribed by the statute, is void.

After marriage, an infant feme covert cannot bind herself by any deed or contract, either in law or equity, except under the sanction of the court of chancery, or in the cases specially provided for by statute.

It is only in those cases where the person advancing money to pay the debt of a third party stands in the situation of a surety, or is compelled to pay it to protect his own rights, that a court of equity, as a matter of course and without any agreement to that effect, substitutes him in place of the creditor.

In other cases the debt of a creditor, which is paid with the money of a third person, without any agreement that the security shall be assigned or kept on foot for the benefit of such third person, is absolutely extinguished.

A sale under a judgment against the husband, obtained before marriage, will divest the right of dower of his wife in the land sold.

In equity, the purchaser under a judgment takes the land subject to all equitable claims, prior in point of time to the judgment, of which he had notice at or prior to the sheriff's sale.

Where, upon a bill filed to restrain a widow from proceeding at law to recover her dower, the complainant fails in defeating her claim to dower, it is not the practice for the court to proceed to the assignment of the dower; but to dismiss the bill upon the merits, and to allow the defendant to proceed at law.

THE bill in this cause was filed to restrain the defendant, who is the widow of James M'Lean deceased, from proceeding at law to recover her dower in a house and lot in the city of New.York, and to compel her to execute a release of dower to the complainant. The cause was brought to hearing on bill and answer. And the principal facts as admitted by the defendant in her answer, are stated in the opinion of the court.

February 21,

*R. Lockwood,* for the complainant. We ask for a perpetual injunction against the defendant, to restrain her from proceeding at law for her dower in the premises in question. She cannot in equity claim her dower, having united with her husband in a conveyance of the premises to trustees for the payment of his debts. Her infancy at the time of the execution of this conveyance cannot relieve her from its effect. The premises in question were sold by the trustees, under the power of sale contained in the conveyance, and purchased by one Knapp, who sold the same to the complainant. The consideration paid by Knapp was applied in payment of the judgments against the husband of the defendant. A deed executed by an infant is not absolutely void. (*McCoy* v. *Huffman,* 8 *Cowen,* 86.) It was held in that case, that although an infant may avoid his contract, he cannot recover back money paid by him on the contract. The deed of the wife was not therefore per se void. The payment of a consideration to her was not necessary to bar her right of dower. In *Lynde* v. *Budd and others,* (2 *Paige's Ch. R.* 191,) the chancellor held that the infant confirmed the mortgage given by him for the purchase money, by retaining possession of the premises after he came of age ; and that the mortgage was not per se void. Where property has been sold to an infant in good faith, and a legal security obtained for the purchase money, the court of chancery will not deprive the vendor of his security without restoring to him as much as the estate of the infant has been actually benefitted by the sale. (*Loomis & Hayden* v. *Spencer & Rolph,* 2 *Paige's Ch. R.* 153.) This question was discussed in *Hadsden* v. *Lloyd,* (2 *Brown's Ch. Cas.* 545,) and in *Harvey* v. *Ashley,* (3 *Atk.* 607.) In the latter case it was held that an infant was bound by a settlement made on her marriage, where it was made with the approbation of her parents or guardian. Either a legal or an equitable jointure settled upon an infant before marriage, is binding upon her, and will bar her right of dower. (*Williams* v. *Chitty,* 3 *Ves. jun.* 545. *Drury* v. *Drury,* 2 *Eden's R.* 60. *Prec. in Chancery,* 65, 123, 137.) We bring ourselves in this case within the equity of the decisions as to equitable jointures. The husband was insolvent. His creditors had obtained judgments against him previous to his marriage

with the defendant. The premises in question, therefore, might have been sold under those judgments, and the defendant would then have had no pretence of claim for dower. She had in fact no interest in the premises, and was not entitled to any consideration for her assignment. The defendant's delay in commencing her action of dower until we purchased, ought to bar her recovery. She should immediately, upon her husband's death, have commenced her suit. But having remained quiescent under this deed of assignment, until innocent purchasers have purchased, she cannot now set up her claim of dower. The complainant is within the equity of the case of *Jackson* v. *Dewitt*, (6 *Cowen*, 316,) where the husband, having given a mortgage before marriage, after marriage executed and delivered to the mortgagee a release of the equity of redemption ; it was held to be equivalent to a foreclosure of the mortgage, and that the wife had no right of dower. Where the land of which the wife is endowable is subject to a mortgage, the wife must keep down one third of the interest, or only claim her dower in the equity of redemption. Here the defendant could only have recovered her dower, subject to the judgments. She is bound by her execution of the assignment of the premises in question, because the premises could have been sold under these judgments free from her dower. Where there is a mortgage executed by husband and wife, the wife can only be endowed out of the equity of redemption. (*Russell* v. *Austin*, 1 *Paige*, 192. *Hale* v. *James*, 6 *John. Ch. R.* 258.) As at law the wife can only be endowed according to the value at the time of the alienation by the husband, so in equity, the wife can only be endowed of the premises according to their intrinsic value at the time of the assignment. The judgments at the marriage of the defendant were in amount double the value of the premises in question ; consequently her right of dower was of no value. The defendant, by suppressing the fact of her infancy, committed a fraud upon the purchasers. She is therefore estopped from now-taking advantage of it. If there had been any personal property, it should have been set forth in the answer.

*W. C. Hasbrouck & G. F. Tallman*, for the defendant. It does not appear from the pleadings that McLean, the

husband of the defendant, was insolvent at the time of the execution of the conveyance of the premises in question. The defendant was persuaded to sign this conveyance by the as-assurance from the trustees that her rights would not be prejudiced. In the cases cited, where the infant has been held bound by his contract, he had received the consideration. Here the defendant received nothing. In *Lynd* v. *Budd*, the infant continued in possession after arriving of age ; not so here. The cases of equitable jointure do not apply. (*Stamper* v. *Barker and others*, 5 *Mad.* 157.) It is an established rule that a feme covert, who is an infant, is not bound by any agreement made by her. An equitable jointure, to be binding upon the wife, must be settled upon her before marriage. A feme covert to be bound by a deed must acknowledge it as required by the statute. The claim of dower is founded in law. After the right attaches, the wife cannot be deprived of it, except by a strict legal proceeding. There is no proof that the judgments have been paid out of the proceeds of the assigned property.

Knapp bought the property in for one of the trustees. A trustee cannot purchase any part of the trust property. A debtor after judgment continues seised until a sale under the execution. The conveyance in this case is also void for the fraudulent misrepresentations of the trustees. The complainant cannot complain of the laches of the defendant, as her husband did not die seised, and she is not therefore entitled to damages. A sale, under a judgment recovered prior to the marriage, to bar the wife's dower must be made prior to the marriage. The lien of a judgment may or may not become a specific lien. Will a judgment creditor be permitted to sleep upon his judgment until all the personal property of his debtor is exhausted, and then to enforce it upon the land, and deprive the wife of her dower ? But independently of these judgments, the defendant has a right to her dower. These judgments may be void ; they may have been paid. If the court comes to the conclusion that the defendant is entitled to dower, it can be set off to her here without remitting the proceedings to the court of law. This course will prevent unnecessary litigation. (*Swain* v. *Perine*, 5 *John. Ch. R.* 492.)

1832.

Sanford
v.
McLean.

THE CHANCELLOR. The defendant executed and acknowledged a conveyance of the premises in question to G. W. McLean and others as trustees, to sell the same and the other real estate mentioned therein, for the payment of the debts of her husband. At the time this conveyance was executed the defendant was an infant. And she alleges that she executed it in the absence of her husband, who was confined on the jail limits; that she had at the time no knowledge of her legal rights; and that she was told by one of the grantees, at the time of signing and acknowledging the deed, that it would not prejudice her rights. As the cause is heard on bill and answer, this averment is to be taken as true, in every respect; and it shows there is not the least shadow of equity for setting up this deed against her as a bar. Independent of this fact, however, the conveyance by this infant feme covert was clearly void, notwithstanding it was acknowledged by her apart from her husband, in the form prescribed by the statute. There are some cases in which an infant may be equitably bound by a marriage contract and settlement, entered into with the consent of her parents or friends. But she will not be bound in such cases, unless she could in some way be benefitted by the contract. It is at least questionable whether she can in that case make any binding contract as to her real estate. After the marriage, however, it is clearly settled that an infant feme covert cannot bind herself by any deed or contract, either at law or in equity, except under the sanction of the court of chancery, or in the cases provided for by the statute. In *Hearle v. Greenbank*, (1 *Ves. sen.* 299,) Lord Hardwicke decided that an infant feme covert could not execute a power as to her separate estate, although she would have had the right, notwithstanding the coverture, had she been an adult. And in a recent case, Sir John Leach decided that a contract made by an infant feme covert and her husband, although her father entered into the contract also and it was apparently for her benefit, was a mere nullity as against the wife. (*Stamper v. Barker*, 5 *Mad. R.* 157.) The statute, which makes valid the deed of a feme covert when executed with her husband and acknowledged by her on a private examination, was nev-

1832.

Sanford
v.
McLean.

er intended to sanction or validate a conveyance by an infant wife. There is a plain and obvious distinction between the disability of coverture and that of infancy. The first arises from a supposed want of will on account of the legal power and coercion which the husband may exercise over the volition of the wife. This disability is removed by the private examination of the wife in the absence of her husband, by which it is legally ascertained that such power and coercion has not been exercised in that partiular case. But the disability of infancy arises from the supposed want of capacity and judgment in the infant to contract understandingly. And the only way in which that disability can be obviated is by the legal substitution of some third person in the place of the infant, to exercise a judgment in her behalf. And this can only be done under the authority of the court of chancery, and in a few other cases specially provided for by law.

I do not see from this answer that the defendant has done any thing since the death of her husband to sanction this conveyance, or to mislead the complainant. The mere delay, for a year or two, to institute a suit for her dower cannot bar her right, either at law or in equity. Neither has the complainant showed any thing to entitle him to be subrogated in the place of those judgment creditors whose liens on the property overreached the marriage. If the complainant had actually advanced the money to pay off those judgments, it is doubtful whether he would have been equitably entitled to be substituted in their place without some conventional arrangement, to that effect, with those creditors. It is only in cases where the person advancing money, to pay the debt of a third party, stands in the situation of a surety, or is compelled to pay it to protect his own rights, that a court of equity substitutes him in the place of the creditor, as a matter of course, without any agreement to that effect. In other cases the demand of a creditor which is paid with the money of a third person, and without any agreement that the security shall be assigned or kept on foot for the benefit of such third person, is absolutely extinguished. Such also is the rule of the civil law; although by that law a surety paying the debt is subrogated to the rights of the creditoı ipso facto. (*Curtis* v. *Kitchen,*

8 *Martin's R.* 706. *Nolte & Co.* v. *Their Creditors,* 19 *id.* 602.) There is no allegation in the complainant's bill that any part of the purchase money of this lot has been applied to the satisfaction of the judgments, or that the amount due thereon may not hereafter be levied upon the property conveyed by James McLean to the trustees. On the other hand it is expressly shown by the answer that the complainant applied the purchase money of the lot to the payment of the individual debt of one of the trustees, who had caused the trust property to be bid in for his own benefit. If the court should give the complainant the benefit of those judgments to protect his title to this lot, the creditors might, notwithstanding, proceed and sell all the other property bound thereby, and in which the defendant is also entitled to dower, to satisfy the same claim. One of the counsel for the defendant supposed that a sale, under a judgment obtained before the marriage, could not overreach the marriage so as to divest the right of dower of the wife. But as to this he was under a mistake. At law a judgment is a lien on and attaches itself to the whole legal estate which the debtor has in the land at the time of the docketing of the judgment. And this lien cannot, without the assent of the creditor, be detached or displaced by any species of alienation, or by any subsequent event whatever. The effect of the judgment is the same in equity, except that a purchaser under the judgment will take the land subject to any equitable claim thereon, which was prior in point of time to the judgment, and of which the purchaser had notice at or before the sheriff's sale of the property. (1 *Atk. on Conv.* 508, 512. *Ex parte Howe,* 1 *Paige's R.* 125.) In the present case, however, if the widow should be compelled to pay off the prior judgments to save her dower, she might have an equitable claim to be substituted in the place of the judgment creditors, with the right to collect the amount back again out of the estate which her husband had at the time of the marriage, exclusive of her dower therein. And if the creditors have released the interest of the husband from the operation of the judgments, so that she cannot protect herself by a substitution, perhaps a court of equity would not allow them to sell her dower right in the land to satisfy their debts. However

that may be, I am satisfied this complainant has not shown himself to be entitled to any legal or equitable bar against her claim of dower in this particular lot.

The defendant's counsel supposed that this court, having the whole case before it, might proceed to the assignment of the dower. But I do not understand that to be the usual practice of the court in such cases. Dismissing the bill upon the merits, in this stage of the suit, will undoubtedly settle the rights of the parties conclusively as to all the questions which this court has now been called on to decide. But the injunction must be dissolved; and the defendant may then proceed and enforce her rights in the suit at law. The decree will declare, that as it appears, from the pleadings in this cause, that the defendant was an infant at the time she executed and acknowledged the conveyance of the 12th of June, 1823, to the trustees, and as she has never since ratified the same, it was void as against her. That she is neither legally or equitably barred of her dower in the house and lot in the city of New-York in the bill mentioned, but is entitled to the same; and therefore that the injunction be dissolved, and the complainant's bill be dismissed, with costs.