Mr. Justice Clayton
delivered the opinion of the court.
This is an appeal from the vice-chancery court at Carrollton. The bill states that complainant, the now appellant, purchased of one Marcus Pierce a lot of ground for three thousand dollars, in December, 1837, and took his bond for title when the purchase-money should be paid; that he took possession of the premises at the time, and paid a considerable portion of the purchase-money. That in October, 1838, the defendant Dorsey obtained a judgment against Pierce; that in May, 1839, Pierce, who is likewise made a party, conveyed the premises, with other land, to .one Clark, who, in November, 1839, conveyed to the complainant. That the title-bond was never recorded, and that the defendant Dorsey, had his execution, under his judgment, levied upon the lot, to enjoin the sale of which is the object of the bill. Other extraneous matters are introduced, which can have no influence upon the decision.
The answer of Pierce admits all the charges of the bill. The first answer of Dorsey denies that complainant purchased before his judgment was rendered ; or, if he did, insists that the failure to record the title-bond let in his judgment. He afterwards filed another answer, which is made to operate as a cross-bill. He then states that he believes that, at the time of the judgment, the complainant had paid, if any, a very inconsiderable portion of the purchase-money, which he had agreed to pay Pierce, and asks him to state, in answer to the cross-bill, “ what portion of the purchase-money he had paid Pierce before the 3d of October, 1838, what subsequently, and at what times.” The answer to this interrogatory states that he paid, in cash, *22 one thousand dollars at the time he made the purchase, at which time, also, he took possession; and more than another thousand, prior to the 3d of October, 1838.
The answer of Dorsey insists that the conveyance from Pierce to Clark was fraudulent and void. The title-bond is not filed as an exhibit, nor was any deposition taken in the case.
The doctrine is well established that, from the time of a sale of land, the vendor becomes a trustee of the title for the vendee, as the latter is a trustee of the purchase-money for the former. In each instance a lien is created upon the estate for the money. This lien will prevail against a judgment-creditor of the vendor, intervening between the tiine of the agreement to convey and receipt of the consideration-money, and the actual conveyance. Finch v. Earl of Winchelsea, 1 P. Wms. 177; 4 Kent, 153; 2 Story’s Eq. 481. The lien of the judgment could only operate upon the interest which Pierce had at the time of its rendition. The judgment-creditor takes the place of the judgment-debtor. He can occupy no higher ground, unless in cases of fraud. 2 Johns. Ch. 50; Coutts v. Walker, 2 Leigh ; 8 Ohio, 22; 2 Ire. Eq. 121, 509; 3 Paige, 123; 4 Ibid. 9.
If any portion of the purchase-money be paid before the judgment, the land can no longer be the subject of execution-sale, as the property of the vendor, whatever might be the rule, upon a naked contract of sale, without any payment.
These principles being ascertained, the only difficulty is in determining the true state of facts. It would seem probable that they might have been placed in a much clearer point of view, but we can only look at them as presented in the record.
If Dorsey had filed no cross-bill, there would have been no proof in support of the original bill, and it must have been dismissed. But' the answer to the cross-bill is in direct response to its interrogatories, and must'be regarded as evidence.
That proves the purchase and the payment of a large part of the purchase-money, before the judgment; the vendor then had no interest upon which the judgment lien could attach. *23 The vendee has a lien upon the estate purchased for the money he has paid; the judgment-creditor has but a lien, subsequent in point of time, and inferior in point of equity. 2 Story’s Eq. 481. It might be different in regard to an intervening mortgagee, or purchaser for valuable consideration, and without notice. 4 Kent, 154.
In this state of case Pierce was a mere trustee of the legal title for another, without any beneficial interest which could be sold under execution at law. The creditor, by proper proceedings, might have reached the unpaid purchase-money in the hands of the complainant, but that was the extent of his right.
The conveyance to Clark does not benefit Dorsey, or affect the right of Money. No fraud is shown, nor the slightest suspicion of fraud, so far as the complainant is concerned. The deed operated a transmission of the legal title of Pierce to Clark, but that does not prejudice the right of Money. If, indeed, Clark had insisted that he was a purchaser for valuable consideration, without notice, and bona fide, then his title might have prevailed over the equity of the complainant. But he asserted no such right, and conveyed to the complainant; this had the same effect as if done by Pierce himself. His purchase had been made long before that of Clark, and if a fraud were intended by Pierce upon Dorsey, in the transaction with Clark, that would not vitiate a previous valid agreement with Money. There is no proof of fraud upon his part. If he had acquired his title through the fraud of Pierce and Clark, that title could not be permitted to stand in equity. Huguenin v. Basley, 14 Ves. 289. But the strength of his case is in the purchase and payment before the judgment, and he is entitled to relief independent of the deed of Clark, and without reference to it. His contest now is with Dorsey. Pierce does not deny his right, and Clark is not before the court. As against Dorsey, we think he has superior equity.
The decree must be reversed, and the injunction made perpetual.