## LEWIS SLATON VS. W. A. ALCORN et al.

1. ADMINISTRATOR: *Payment of a judgment; right of substitution.*

   An administrator is under no personal obligation to pay off a judgment against his intestate with his own funds, and if he does, he will not be substituted to the rights of the judgment creditor. The doctrine of substitution only applies where the party advancing the money stands in the situation of a surety, or is compelled to pay the judgment to protect his own rights or interests.

2. SAME: SAME.

   An administrator is entitled to retain out of the assets of an estate what he has advanced for the estate. If the assets are delivered to the distributees, he can compel reimbursement by them.

APPEAL from the Chancery Court of *Tallahatchie* County.

Hon. J. F. SIMONS, Chancellor.

Appellant's bill alleged that he, as the administrator of Martin, paid off a judgment held by Trahorn of $1,674. 80. That Allen & Co. afterwards recovered a judgment against him as administrator ; that, acting upon the belief that there were sufficient assets to pay both judgments, and that there were no other debts, paid with his own money, on compromise, about one-half of the Trahorn judgment in full discharge thereof.

Afterwards he discovered there were other debts against the estate. That upon the judgment of Allen & Co. execution issued, was levied on the property, the same consumed, and nothing was left out of which to reimburse the appellant.

He alleges that the judgment held by Trahorn, and which he paid, was a prior lien on the property of the estate. He prays to be substituted to the rights of Trahorn, and that money in the hands of the sheriff be paid to him.

The appellees demurred to the bill on the following grounds :

1. That the facts alleged do not entitle complainant to relief.

2. That the bill shows that the Trahorn judgment, before sale under appellees' execution, was satisfied.

3. That the facts in the bill do not show that complainant has a right to be substituted to the Trahorn judgment.

4. That the facts in the bill show that Trahorn and Brunson have been guilty of laches, and defendants are entitled to the proceeds of the sale for superior diligence.

5. That the bill does not allege that at the time of the payment of the Trahorn judgment the same was assigned to the complainant, or that there was an agreement that such payment should not operate as a discharge.

6. The bill is otherwise defective, etc.

The court below sustained the demurrer, and the case comes to this court on appeal.

*Fitzgerald & Marshall,* for appellant:

Appellant compromised the judgment and paid it. His acts

were commendable, and were not prejudiced by it, but, in fact, benefited. Laches on the part of Trahorn, or diligence on the part of appellees, is not shown by the bill. Appellant has no remedy at law, and must resort to a court of equity. In the case of Gowing *v.* Blands, 2 How., 813, the court say : "The doctrine of substitution is not regarded in equity as founded on contract, but as the offspring of natural justice, and courts should rather incline to extend than to restrict the operations of a principle so elevated and pure." See also, Short *v.* Porter, 44 Miss., 538 ; Staples *v.* Fox, 45 id., 667 ; 2 Lomax on Ex'r, 2 ed., p. 629.

*Bailey & Boothe*, for appellees :

If an administrator believes the estate to be solvent, and advances the money to pay debts, and the estate be insolvent, he must suffer the loss. 2 Lomax on Ex'r, 2 ed., p. 629 ; Davis *v.* Newman, 2 Rob. (Va.), 670. The administrator could not say that he was ignorant of the Brunson judgment. Williams on Ex'r, 4 Am. ed., vol. 2, p. 884 ; Newsom *v.* Commonwealth, 4 H. &. M., 57. If one, not a party on execution, without an agreement that it was not to operate as a release, or without taking an assignment, pay the same, the execution will be satisfied. Freeman on Judgments, 386, § 466 ; Morris *v.* Lake, 9 S. & M., 525 ; 5 Hill, 566. The lien of the judgment is discharged by the payment of the judgment. Doe *v.* Ingersoll, 11 S. & M., 249 ; Banks *v.* Evans, 10 id., 35 ; Rollins *v.* Thompson, 13 id., 522. Appellant cannot be substituted to the rights of Trahorn. Freeman on Judgments, 387, §§ 448, 469, 470 ; Dillon *v.* Cook, 5 S. & M., 780 ; Staples *v.* Fox, 45 Miss., 667 ; Stevens *v.* Morse, 7 Greenl., 36 ; Sherman *v.* Boyce, 15 Johns., 443 ; Short *v.* Porter, 44 Miss., 538.

SIMRALL, J., delivered the opinion of the court.

The appellant, the administrator of W. C. Martin, deceased, alleges that he, out of his own money, paid the judgment in favor of Trahorn for about one-half of what was due upon it; that in so doing he was actuated by a desire to benefit the estate, and save something for the heirs for whom he was guardian; that at the

time this payment was made, the only debts of which he had knowledge was the judgment, and one unpaid of T. H. and I. M. Allen & Co., which was younger in date, and subordinate in lien to the judgment in favor of Trahorn. After this, a *scire facias* was served upon him as administrator, to revive a judgment which had been secured by Mr. Brunson, guardian of Jno. Martin, for about $2,350. The service of the writ, the appellant alleges, is the first notice or information he had of this judgment. This judgment has been satisfied by a sale of all the property of the estate. There remains, however, in the hands of W. A. Alcorn, eight hundred dollars, which Slaton claims ought to be paid over to him, because of his payment of the judgment in favor of Trahorn. T. H. and I. M. Allen & Co., however, insist that they have a better right. If Slaton, on the facts aforesaid, has a right to be substituted to the judgment which he has paid, with its superior advantages of lien, his claim is well founded.

The doctrine of substitution is tersely stated by the chancellor in Sanford *v.* McLean, 3 Paige, 122. It is in cases "where the person advancing the money stands in the situation of surety, or is compelled to pay it to protect his own rights, that a court of equity substitutes him in the place of the creditor, as a matter of course, and without agreement." The general rule is that if a party, secondarily bound, pays for the principal debtor, then the right springs up. But there is also comprehended another class, those who have such interests as make it necessary for them to get in an outstanding claim or equity for the protection of their rights in property. Story Eq. Jur., § 1227, and cases cited in Staples *v.* Fox, 44 Miss., 680–1. In such cases, the party advancing the money may be placed in the shoes of him whose claim or equity has been bought in or paid off. One man cannot make another his debtor without his consent; that sort of relation ordinarily grows out of contract. Subrogation does not depend upon the act of the creditor, but may be independent of him, and so too of the debtor.

Does the appellant bring himself within the scope of the doc-

trine? Was he under a secondary obligation to pay the debt, for which another was primarily bound? Was he compelled to lay out the money in order to protect his own rights from being injured or entirely swept away? He was under no personal obligation to satisfy the judgment out of his own money, nor could the creditor have used the judgment to his individual prejudice. He, however, had the clear right to retain out of the assets of his intestate what he has advanced, or if they had been delivered to the distributees, he could have compelled them to reimburse. Short v. Porter, 44 Miss., 535; Woods v. Ridley, 27 id., 149.

Not coming within the range of the principle of subrogation by operation of law, he could only claim the judgment by reason of contract or arrangement with the creditor. A judgment may be assigned, then the assignee becomes a purchaser, and takes in that right. If a third person, that is, one who is not bound to pay the judgment, pays the amount to the sheriff or the creditor, the judgment is satisfied, and becomes *functus officio*. Satisfaction results from the payment, unless there is a sale or assignment, or some contract with the creditor by which the judgment is to be kept alive and effective for his use. Morris v. Lake, 9 S. & M., 526; Doe v. Ingersoll, 11 id., 271-2.

Considering the appellant as standing in the most favorable position, that is, making the payment as a stranger to the judgment, he is not entitled to the relief which he seeks. See Freeman on Judgments, secs. 446, 466; Stephens v. Morse, 7 Greenl., 38, 39.

We think there is no error in the decree, wherefore, it is affirmed.