WILLIAM R. BORDERS *et al.*

*v.*

NANCY J. HODGES *et al.*

*Filed at Mt. Vernon January 14, 1895.*

1. DEEDS—*description too indefinite to pass title.* A description of land in an administrator's deed, and in the antecedent proceedings, as "part of claim No. 2087, survey No. 440, in town," etc., is so uncertain that the land could not be located by resorting to extrinsic proof, and such deed passes no title.

2. LACHES—*when not imputed to remainder-men.* Laches cannot be imputed to remainder-men for failing to institute proceedings to set aside a void deed before the intermediate estate expires.

3. ESTOPPEL—*heirs may assert title against void sale.* Heirs, not accepting proceeds of a void sale of land by an administrator, are not estopped to assert title to such land.

4. JUDICIAL SALES—*caveat emptor applies.* The doctrine of *caveat emptor* applies, with few exceptions, to judicial sales.

5. SUBROGATION—*person whose title fails cannot claim.* The purchaser at such administrator's sale, whose title fails for want of proper description, is not entitled to be subrogated to the rights of the creditors whose debts were paid with the purchase money.

APPEAL from the Circuit Court of Randolph county; the Hon. B. R. BURROUGHS, Judge, presiding.

Appellees filed their bill for partition of certain lands in Randolph county, making appellants defendants thereto. Appellants answered, setting up title in themselves, and also filed their cross-bill to correct the decree, deed and report of sale, under which they claimed title, and to make the description of the lands therein more specific. On hearing, the cross-bill was dismissed and a decree was entered in accordance with the prayer of the original bill, from which this appeal is prosecuted.

The facts appearing in this record show that J. G. Fisher, under whom appellees claim title, died testate about February 1, 1866, seized and in possession of parts of claim No. 2087, survey No. 440, and of claim No. 559, survey No. 696, in Randolph county, in the State of Illinois. By his last will and testament he devised his real estate to his widow for life, with remainder to his five youngest children. The clause of his will in question is as follows:

"I give, devise and bequeath unto my beloved wife, Catherine Fisher, the farm and house we now live in and on said farm, and known and described as follows, to-wit: Claim No. 2087, survey No. 440, in township No. 6, south of range 8, west; also one other tract, containing fifty-two acres, being part of claim No. 559, survey No. 696, in township No. 6, south of range No. 7, west, in all one hundred and fifty-seven acres, more or less, of which I will all above tracts of land to my beloved wife, Catherine, during her natural life. It is my will, after the death of my said wife, that each of my five youngest children, Thomas, Mary Ann, Linden, Nancy Jane and Joseph Fisher, shall be the only heirs to the above described tracts of land, for the reason that I have given to my two oldest sons, Henry and Frederick, their equal part of my real estate."

J. G. Fisher, at the time of his death, was largely indebted, the personal estate being insufficient to pay his debts. His widow, the executrix, caused to be entered a decree to sell lands to pay debts, and a tract was sold off of the first tract above described, and a deed made to the purchaser, conveying $73\frac{76}{100}$ acres. The tract so sold was accurately described by metes and bounds, and the proceedings were in proper form. That decree was entered at the January term, 1869, of the county court of Randolph county, and finds that J. G. Fisher died seized of the real estate as in the will described, and that it will not be necessary to sell all of said lands, and specifically describes a portion thereof which is ordered sold, viz., $73\frac{76}{100}$ acres, and at the sale thereof Henry Fisher became the purchaser. Prior to January 17, 1871, one D. P. Roberts acquired the title of Thomas Fisher and Mary A. Hodges, two of the owners of the remainder of the lands in the will described, and also acquired the life estate of Catherine Fisher in said lands.

In 1871, the debts owing by J. G. Fisher not having been paid, James J. Borders was appointed administrator *de bonis non*, with the will annexed, of said estate, and filed his petition in the county court to sell land to pay debts, on which a decree was entered finding that J. G. Fisher died seized of the lands therein described. The petition, notice to non-residents, decree, report of sale duly approved, and the deed thereunder, all contain substantially the same description of the lands, as follows: "Part of claim No. 2087, survey No. 440, in township 6, south of range 8, west, and part of claim No. 559, survey No. 696, in township 6, south, range 7, west, saving and excepting $73\frac{76}{100}$ acres off of claim No. 2087, survey 440, sold by Catherine Fisher, formerly executrix of the estate of James G. Fisher, deceased, to Henry Fisher, by virtue of an order of the probate court made at the January term, 1869, sold to pay debts." At this sale D. P. Roberts

became the purchaser, and subsequently, by *mesne* conveyances, the title to said lands became vested in James J. Borders. The estate was settled, and the residue of money in the hands of the administrator *de bonis non* was, on the order of the court, paid to the county treasurer.

James J. Borders subsequently died testate, leaving surviving children and devisees, he, at the time of his death and long prior thereto, being in possession of these lands. Those of the remainder then under the will of Fisher file their bill for partition, and seek to have partition made, claiming an interest in the land was devised to them by their father, and they are the owners thereof, subject to the life estate of Catherine Fisher. The heirs and devisees of Borders are defendants to the bill for partition, and set up title in themselves by reason of the foregoing facts, and also set up limitations, *laches*, subrogation, etc., and ask in their cross-bill to correct the various proceedings under which they claim title, by making the description more specific. The evidence shows that Catherine Fisher, the devisee of the life estate, was living at the time of filing the original bill, and that part of the proceeds of the sale of the lands not paid to the county was used in paying debts and costs of administration of Fisher's estate.

HAMILL & BORDERS, for appellants :

It is the well-settled policy of the law to uphold administrators' sales, and especially after a great lapse of time. *Goodbody* v. *Goodbody*, 95 Ill. 456; *Botsford* v. *O'Connor*, 57 id. 72 ; *Iverson* v. *Loberg*, 26 id. 179.

The rule of *caveat emptor* does not apply with full force to said sales in equity. *Ives* v. *Pierson*, 1 Freem. Ch. 220; *Stow* v. *Kimball*, 28 Ill. 93; *McCormick* v. *Kimmel*, 4 Ill. App. 121; *Banks* v. *Ammon*, 27 Pa. St. 172; Freeman on Void Judicial Sales, (3d ed.) sec. 13, and authorities cited; *Hopson* v. *Ewan*, 62 Ill. 146 ; *Swearengen* v. *Gulich*, 67 id. 208; *Andrews* v. *Bernhardi*, 87 id. 365 ; 2 Woerner's Law of Administra-

tion, sec. 466; Rorer on Judicial Sales, sec. 253; *Gibson* v. *Roll,* 27 Ill. 88.

Though the statute in terms requires a description of the lands to be sold, yet this is construed to be merely directory. *Wells* v. *Polk,* 36 Texas, 120; *Davis* v. *Touchstone,* 45 id. 490; *Robertson* v. *Johnson,* 57 id. 62.

With respect to executors', administrators' and guardians' sales the authorities preponderate in favor of the same rule as is adopted in reference to execution sales. Freeman on Void Judicial Sales, (3d ed.) sec. 28.

The description in this petition is, without doubt, more certain than that held to be good in *Colcord* v. *Alexander,* 67 Ill. 581.

A devise or grant will only be declared void for uncertainty where, after resort to oral evidence, it still remains a matter of conjecture what was intended by the instrument. *Choteau* v. *Jones,* 11 Ill. 300; *Williams* v. *Warren,* 21 id. 541; *Baies & Wise* v. *Bank,* 15 Mo. 309; *Stevens* v. *Wait,* 112 Ill. 544; *Townsend* v. *Downer,* 25 Ver. 223.

Where a deed described land as "parts" of certain lots, parol evidence is admissible to identify the parts and explain the ambiguity. "North side of S. W. ¼ of block 2" is not void for uncertainty. *Winslow* v. *Cooper,* 104 Ill. 235; *Hill* v. *Blackwelder,* 113 id. 283.

"Ninety-one acres of the south-west corner" of a designated tract is sufficiently certain where the decedent owned only that number of acres in such tract. *Bloom* v. *Burdick,* 1 Hill, 130.

Where the decree and deed refer to the petition, and purport to convey the land described in the petition, this will justify the conveyance of all the lands so described. *Stow* v. *Kimball,* 28 Ill. 93; *Montgomery* v. *Johnson,* 31 Ark. 74; *Jennison* v. *Gaston,* 21 Texas, 266.

The taking of possession rendered that certain which might otherwise have been uncertain. *Banks* v. *Ammon,* 27 Pa. St. 172.

A delay to institute proceedings in equity to set aside a judicial sale, within a reasonable time after the knowledge of the facts, or when the exercise of reasonable care would have discovered the facts, will bar relief. *Jackson* v. *Spink*, 59 Ill. 404; *Breit* v. *Yeaton*, 101 id. 242; *Pusey* v. *Goodner*, 21 W. Va. 469.

A delay of four years has been held sufficient to preclude a person from maintaining a suit to set aside a voidable sale. *Hamilton* v. *Lubukee*, 51 Ill. 415.

An administrator's sale of land to pay debts will not be set aside, in equity, at the suit of heirs, after the lapse of nineteen years, even on account of corrupt practices. *Goodbody* v. *Goodbody*, 95 Ill. 456.

In some cases two years has been held to bar relief. *Walker* v. *Ray*, 111 Ill. 315; *Kellogg* v. *Wilson*, 89 id. 357; *Lowe* v. *Guice*, 69 Ala. 80.

Appellees are estopped by their conduct from setting up any defects in said proceedings, for it is alleged that the court had jurisdiction of their persons, and that they knew the purchaser was holding under said proceedings and claiming title against them. *Sprague* v. *Shriver*, 25 Pa. St. 281; *Mitchell* v. *Freedley*, 10 id. 208.

The heirs and devisees may estop themselves from the right to impeach or attack an administrator's sale by their conduct, or by inaction when it is their duty to act. *Lee* v. *Goodner*, 26 Miss. 521; *Jennings* v. *Kee*, 5 Ind. 257.

Administrators' deeds may, in certain instances, be reformed. *Groyson* v. *Widdle*, 63 Mo. 523.

A misdescription in a sheriff's deed may be corrected in an action brought for that purpose. *Quivey* v. *Baker*, 37 Cal. 471.

There is a growing inclination on the part of courts of equity to relieve a purchaser at judicial sale by reforming defects in deed. *Bartlett* v. *Judd*, 21 N. Y. 200; *Zingsmen* v. *Kidd*, 29 N. J. Eq. 516.

The courts of this country have almost invariably decided, that where land is purchased at a void judicial

sale by one who is ignorant of the fact that such sale is void, and who, in good faith, pays money which is applied to the extinguishment of a lien on the land or to pay debts of an estate, he is entitled to be reimbursed. *Bright* v. *Boyd*, 1 Story, 494; *Blodgett* v. *Hitt*, 29 Wis. 69; *Union Hall Ass.* v. *Morrison*, 39 Md. 281; *Hudgin* v. *Hudgin*, 6 Gratt. 320; *Valle's Heirs* v. *Flemming's Heirs*, 29 Mo. 15; *Scott* v. *Dun*, 1 D. & B. Eq. 427; *Howard* v. *North*, 5 Texas, 290; *Blight's Heirs* v. *Tobin*, 7 Mon. 612; *Williamson* v. *Williamson*, 3 S. & M. 715; *Forman* v. *Hunt*, 3 Dana, 614; *Bell's Heirs* v. *Burnett*, 2 J. J. Marsh. 516; *Haynes* v. *Meeks*, 10 Cal. 110; *Joyne* v. *Boisgerard*, 39 Miss. 796; *Williams* v. *Gibbs*, 20 How. 535; *Crippin* v. *Chappel*, 35 Kan. 495; *Stultz* v. *Brown*, 112 Ind. 370; *Hatcher* v. *Briggs*, 6 Ore. 31; *McConnell* v. *Smith*, 39 Ill. 279; *Short* v. *Shear*, 95 Ind. 505; *Smith* v. *Knoebel*, 82 Ill. 392.

H. CLAY HORNER, for appellees:

In *Brickey* v. *English*, 129 Ill. 650, a description, "part of survey No. 743, claim No. 93, 31 and 55-100 acres," was held to be void for uncertainty.

*Colcord* v. *Alexander*, 67 Ill. 583, cited by appellants, is the strongest case that can be found for them. The description was, "part of the E. hf. sw. sec. 10, T. 5 N., R. 3 W., containing 64 acres, more or less." The judgment debtor owned just that number of acres in the larger tract, and that extrinsic fact established the call in the deed. The leading case on this subject is *Williams* v. *Warren*, 21 Ill. 541, and subsequent to that decision is *Carter* v. *Barnes*, 26 id. 455.

The reasons for not letting such descriptions take the land from the minors are fully set out in *Jones* v. *Carter*, 56 Mo. 403. See, also, Rorer on Judicial Sales, sec. 500.

None of the cases cited by counsel are in point. The word "side" is construed to mean "half," in *Winslow* v. *Cooper*, 104 Ill. 235. *Stow* v. *Kimball*, 28 Ill. 93, is not a similar case, but it does show the importance of a correct

description in a decree. But why go outside our own State and ignore *Brickey* v. *English*, 129 Ill. 646, and *Lancey* v. *Brock*, 110 id. 609?

As against reversioners, no limitation runs until the life estate expires. (Rev. Stat. 1874, chap. 83, sec. 3, items 2, 3.) This statute is only declaratory of what was the law. Angell on Limitations, (6th ed.) sec. 415.

It certainly is not contended seriously that under the cross-bill a defect, such as we contend exists, can be corrected. *Ward* v. *Brewer*, 19 Ill. 292; *Cox* v. *Garst*, 105 id. 346.

PHILLIPS, J.: The evidence in this record does not show the quantity of land in the two surveys of the two claims. "Part of claim No. 2087, survey No. 440, in township 6, south of range 8, west, and part of claim No. 559, survey No. 696, in township 6, south of range 7, west, saving and exceping $73\frac{76}{100}$ acres off of claim No. 2087, survey No. 440, sold by Catherine Fisher by virtue of an order of the probate court made at the January term, 1869, sold to pay debts," as a description in the petition, notice to non-residents, decree, report of sale and deed, must be held void for uncertainty. If it could be assumed that by extrinsic proof the land could be ascertained and found by a surveyor, yet no such evidence appears in this record. But even if that fact was shown, neither by the petition, decree, deed nor report of sale is the number of acres sold stated, nor the price per acre for which the land was sold. It not appearing that the whole of the land belonging to said estate was sold, extrinsic proof could not be resorted to, as there is nothing to show whether one acre or eighty acres were sold. The description is so vague and uncertain that no title was conveyed by the deed. *Carter* v. *Barnes et al.* 26 Ill. 454; *Lancey* v. *Brock*, 110 id. 609; *Brickey* v. *English et al.* 129 id. 646.

The lands described in the bill as owned by the said Joseph G. Fisher at the time of his death are a part of

the lands in which a life estate was devised to Catherine Fisher, and she being alive at the time of filing the bill, the complainants are not barred by the Statute of Limitations, as the statute does not begin to run against reversioners or remainder-men until after the expiration of the intermediate estate, by the express provisions of section 3, chapter 83, of the Revised Statutes, and for the same reason *laches* cannot be imputed. The deed being void for uncertainty, complainants have not been divested of their interest which they acquired under the will of their father, and have a right to seek partition of the lands. When they have applied for partition by filing their bill for that purpose, and defendants seek to set up title in themselves by reason of a judicial sale, they must show valid proceedings which legally divest complainants of their title. The claim of title by complainants, and filing a bill for partition by them, are not a collateral attack on this decree of the probate court.

, Four several deeds were made, including that of the administrator *de bonis non,* to and including that by which the devisor of defendants acquired title; and it is urged, that as the purchase money for the land was used in paying the debts of the estate and costs of administration, and the residue paid to the county treasurer for complainants, the devisees (defendants herein) should be subrogated to the claims of creditors which have been paid by the purchase money, where no title passes by the administrator's deed. There is no evidence in this record that the complainants ever accepted or received the money paid to the county treasurer. Had they done so, with full knowledge of their rights and the consequences of their act, they would have been estopped from asserting title inconsistent with it. (*Davidson* v. *Young et al.* 38 Ill. 145 ; *Schnell* v. *Chicago,* 38 id. 382 ; *Dorlarque et al.* v. *Cress et al.* 71 id. 380.) It is a general rule, subject to few exceptions, that in all judicial sales the doctrine of *caveat emptor* applies. (*McConnel et al.* v. *Smith,* 39 Ill. 279; *Bishop*

*et al.* v. *O'Conner et al.* 69 id. 431.) Subrogation is a doctrine of equity jurisprudence, and is generally confined to the relation of principal and surety and guarantor, or to cases of a person compelled to remove a superior title to that held by him, in order to protect his own, and also to cases of insurers. Within these cases the doctrine of subrogation is confined and limited. One who purchases real estate at a judicial sale made by an administrator, and who pays money for land sold, which is applied on simple debts of the ancestor, cannot be subrogated to the rights of creditors whose debts are so paid. Such case does not come within any of the cases to which the doctrine of subrogation is limited and confined. (*Bishop et al.* v. *O'Conner, supra.*) Where an heir files a bill to redeem lands sold, and there is no fraud on the part of the purchaser, equity will require a complainant in such case to refund the money paid by the purchaser. (*Kinney et al.* v. *Knoebel et al.* 51 Ill. 112; *Smith et al.* v. *Knoebel et al.* 82 id. 392.) · In such case, one coming into court and asking equity must do equity. But the principle which requires this to be done is not one of subrogation. The complainants cannot, in this proceeding, be required to refund the money paid by the purchaser at the administrator's sale.

The errors in the petition, decree, deed and report could not be corrected in the manner prayed for in the cross-bill, as such correction of errors in a decree must be done by motion, appeal, writ of error or bill of review. *Cox et al.* v. *Garst*, 105 Ill. 342.

It was not error to sustain the demurrer to the cross-bill and grant the prayer of the original bill. The decree is affirmed.

*Decree affirmed.*