CLIFTON DISTRICT COURT.

ALLAN J. ADELMAN AND BEATRICE ADELMAN, T/A FINANCE AND DISCOUNT COMPANY, PLAINTIFFS, v. SAMUEL BIBER ET AL., DEFENDANTS.

Decided January 9, 1941.

For the plaintiffs, *Charles Blume*.

For Isadore Margolis and Hamilton Investment Company, Inc., *Kimmel & Kimmel*.

For Samuel Biber and Morris Silver, *Aaron Heller* and *Samuel Rosenfeld*.

COLLESTER, D. C. J.   The plaintiffs, Allan J. Adelman and Beatrice Adelman, trading as Finance and Discount Company, bring this action in replevin to recover possession of an automobile.   At the trial of the cause, a judgment of nonsuit was entered as to the defendants, Isadore Margolis and Hamilton Investment Company, a corporation, and hence the issue now concerns only the remaining defendants, Samuel Biber and Morris Silver.   The pertinent facts are as follows:

On April 8th, 1937, the defendant, Morris Silver, purchased a Hudson sedan automobile from the Bergen Sales, Inc., a

corporation, under a conditional sales contract whereby title to said vehicle was retained in the seller until the purchase price was fully paid. The seller thereupon transferred said contract to the Franklin Discount Company, Inc., and notice of said encumbrance was duly filed, in the office of the Commissioner of Motor Vehicles at Trenton.

On May 7th, 1937, the conditional vendee, Morris Silver, borrowed the sum of $500 from the Hamilton Investment Company, Inc., and as security for said loan made and delivered a chattel mortgage which encumbered the aforesaid Hudson automobile and an International truck, which said chattel mortgage was recorded in the office of the register of Passaic county on May 7th, aforesaid, in book V-9 of Chattel Mortgages for said county at page 332.

On August 8th, 1938, said Morris Silver applied to the plaintiffs (hereinafter described as plaintiff Company), for a loan in the sum of $195, which was granted to him. To secure said loan, Silver made and delivered to the plaintiffs his promissory note and a chattel mortgage on the before-mentioned Hudson automobile. A check in the sum of $135.80 was made and delivered to said Morris Silver, who endorsed the same, whereupon it was transmitted by the plaintiffs to the Franklin Discount Company, holder of the first lien on said automobile in payment of the amount remaining due on said first lien. Several days thereafter, the plaintiff company received from the Franklin Discount Company the title papers of said motor vehicle stamped on the face thereof, "Paid in full, 8/12/38. Franklin Discount Company E. S."

The chattel mortgage given by Silver to the plaintiffs was recorded on August 9th, 1938, in the office of the register of Passaic county in Book B-10 of Chattel Mortgages for said county on page 420.

On September 8th, 1938, the defendant Silver defaulted in his obligation to the plaintiffs, having made no payments thereon.

On September 19th, 1938, Silver having defaulted under the conditions of the chattel mortgage held by the Hamilton Investment Company, the latter took steps to foreclose under the same; and on October 12th, 1938, the Hudson automobile

was sold at public sale by William Nussman, a constable of Passaic county to the defendant Samuel Biber for the sum of $175. Biber is a brother-in-law of the defendant Silver.

The records of the foregoing foreclosure proceedings were duly filed with the Commissioner of Motor Vehicles at Trenton and a certificate of sale was issued to the purchaser on October 28th, 1938. Said certificate revealed that the automobile was subject to a lien in favor of the Franklin Discount Company, the assignee of the conditional vendor. On October 29th, 1938, the Hamilton Investment Company, by its president, Isadore Margolis, submitted an inquiry by letter to the Franklin Discount Company with reference to its apparent lien and received reply thereto which stated, "account paid in full at this office."

On May 4th, 1939, the Franklin Discount Company made and delivered to the plaintiff an instrument whereunder it endeavored to "assign, transfer and set over" to the plaintiff company all of its right, title and interest in the Hudson automobile. Said instrument set forth that the consideration thereof was the sum of $135.80 paid to the Franklin Discount Company by the plaintiff company on August 8th, 1938, and stated:

"This assignment is executed for the purpose of securing to Allan J. Adelman and B. S. Adelman, trading as Finance and Discount Company, its subrogation rights by reason of the fact that Finance and Discount Company, did on the 8th day of August, 1938, loan to the said Morris Silver, the sum of $195 out of which the sum of $135.80 was paid to the undersigned in satisfaction of the balance due on the aforesaid conditional sales contract on the 8th day of August 1938."

The plaintiff company on September 25th, 1939, demanded possession of the Hudson automobile and failing to receive the same instituted the present action. On said date, the defendant Samuel Biber was the registered owner of the automobile which he permitted the defendant Silver to use when desired. Silver made no claim to ownership of said motor vehicle.

The plaintiff company contends that its title and right to possession of the chattel is paramount to that of either defend-

ant on two grounds: (1) that plaintiff is subrogated to the rights of the Franklin Discount Company, the holder of the first lien on said automobile; and (2) that the chattel mortgage given by the defendant Silver, to the Hamilton Investment Company is invalid and fraudulent. The above grounds will be considered by the court as respectively set forth.

Subrogation is generally understood to mean putting one to whom a particular right does not legally belong in the position of the legal owner of the right. 4 *Williston on Contracts* (*Rev. Ed.*) § 1265. While it is a doctrine of purely equitable origin and nature, it is now settled that, when the right of subrogation is practically conceded, and there remains only the right of realizing the value of the subject-matter, such right may, on proper occasion, be within the cognizance of a court of law. *Polhemus* v. *Prudential Realty Corp.,* 74 *N. J. L.* 470; 67 *Atl. Rep.* 303. But the right of subrogation will not be recognized at law unless the right of action made the subject thereof is legal in its nature, and is cognizable at law. *Bater* v. *Cleaver,* 114 *N. J. L.* 346; 176 *Atl. Rep.* 889; *Offer* v. *Superior Court of San Francisco,* 194 *Cal.* 14.

In the case *sub judice,* the plaintiffs contend that they are entitled to be subrogated to the position formerly held by the Franklin Discount Company, as paramount lienors. They base this contention upon the fact that a portion of the money loaned to the defendant Silver was used in paying Silver's debt to the Franklin Discount Company.

It must be noted that the plaintiffs do not contend that they are entitled to prior rights in the chattel by reason of a legal assignment of the Franklin Discount Company's claim to them. Their claim is based upon an instrument made and delivered to them by the Franklin Discount Company which purports to assign to plaintiffs all of the right, title and interest of said Franklin Discount Company in the original conditional sales contract. Said instrument recites that the debt due from Silver to the Franklin Discount Company was paid on August 8th, 1938, and further states that the "assignment" was executed in order that the plaintiffs might be secured with their "subrogation rights." In addition to the aforesaid "assignment," the plaintiffs contend that they are

entitled to a prior claim to the chattel upon the theory that it is equitable that they be given priority, and therefore this court, as a matter of law, should decree that their claim to the chattel is prior to that of the defendant Biber.

The evidence shows that on March 4th, 1939, when the Franklin Discount Company executed the before described "assignment" that it no longer had any claim against the defendant Silver, the same having been extinguished by payment on August 8th, 1938. This being so, their assignment could transfer nothing to the plaintiffs in this cause. It therefore follows that plaintiffs' claim to priority is based purely upon the theory that it is equitable for plaintiffs to have a paramount right to the chattel.

It is readily apparent that plaintiffs' contention falls squarely within the restrictions set forth in *Bater* v. *Cleaver, supra,* namely, that "the right of subrogation will not be recognized at law unless the right of action made the subject thereof is legal in its nature. * * *"

Even if we assume that the contention of the plaintiffs is cognizable in a court of law, it is the opinion of this court that they are not entitled, in equity, to be subrogated to the rights of the Franklin Discount Company. Subrogation is never applied in aid of a mere volunteer, and in the present case the plaintiffs are no more than volunteers.

Our Court of Chancery in the case of *Shinn* v. *Budd,* 14 *N. J. Eq.* 234, has said:

"Subrogation as a matter of right * * * is never applied in aid of a mere volunteer. Legal substitution into the rights of a creditor, for the benefit of a third person, takes place only for his benefit, *who being himself a creditor,* satisfies the lien of a prior creditor, or for the benefit of a purchaser who extinguishes the encumbrances upon his estate, or of a co-obligor or surety who discharges the debt, or of an heir who pays the debts of succession."

In the *Bank of the United States* v. *Winston's Executors,* 2 *Brocken. R.* 254, Chief Justice Marshall said:

"If a security not assignable be discharged *by a surety whom it binds,* equity keeps it in force in his favor, and puts such surety in the place of the original creditor. But I think

there is no case in which this has been done in favor of a person, *not bound by the original security,* who discharges the debt as a volunteer."

In *Sanford* v. *McLean,* 3 *Paige* 122, the court said:

"It is only in cases where the person advancing money to pay the debt of a third party stands in the situation of a surety, or is compelled to pay it to protect his own rights, that a court of equity substitutes him in the place of a creditor as a matter of course without any agreement to that effect. In other cases, the demand of a creditor, which is paid with the money of a third person, and without any agreement that the security shall be assigned or kept on foot for the benefit of such third person, is absolutely extinguished."

In the case at bar, the debt due to Franklin Discount Company by the defendant Silver was extinguished by the plaintiffs who were in no manner involved with the defendant Silver prior to said transaction. Their status being that of mere volunteers, even the equitable doctrines of our courts do not avail them. They are not entitled in either law or equity to be subrogated to the rights of the paramount lienor.

Considering next the charge of the plaintiffs that the defendant Biber holds the chattel as a result of a fraudulently executed chattel mortgage by Silver to the Hamilton Investment Company, and a fraudulent foreclosure thereof, it is the opinion of this court that the evidence does not sustain such charge.

The chattel mortgage was executed by Silver to the Hamilton Investment Company on May 7th, 1937, and duly recorded in the office of the Passaic county register on that date. Its existence was a matter of public record for over a year prior to Silver's transactions with the plaintiffs. The foreclosure proceedings instituted by the Hamilton Investment Company in 1938 were valid and the records duly filed with the Commissioner of Motor Vehicles as required by law. The only inference to be drawn from said testimony is that the transaction was *bona fide* and there was neither evidence nor logical inferences presented from which fraud could be spelled out.

It is well established that the burden of proving fraud is upon the one who charged it. Likewise, fraud is never to be

presumed but must be proved. In the case at bar, the plaintiffs have not sustained the burden of establishing fraud in the execution of the chattel mortgage or in the foreclosure proceedings thereof.

For the reasons hereinbefore set forth, it is therefore the decision of this court that judgment must be entered as follows:

Judgment in favor of the defendants Samuel Biber and Morris Silver and against the plaintiffs, Allan J. Adelman and Beatrice Adelman, t/a Finance and Discount Company, "no cause for action."